**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**NATHASHA LEONARD,**

      **Plaintiff,**

**v.**                                    **Case No.**

**ELEVANCE HEALTH, INC.,**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **Nathasha Leonard** ("Plaintiff"), by and through the undersigned counsel, hereby files this complaint against Defendant, **Elevance Health, Inc.,** ("Defendant") and alleges as follows:

## JURISDICTION AND VENUE

1.      This is an action for damages and for declaratory relief, for violations of the Florida Civil Rights Act ("FCRA," Fla. Stat. §760.01 *et seq.*) and Title VII of the Civil Rights Act of 1964 ("Title VII").

2.      This court has subject matter jurisdiction under 28 U.S.C. § 1331, and 42 U.S.C. § 2000e et seq.

3.      Venue is proper in the Middle District of Florida, because the events giving rise to this claim arose in Hillsborough County, which lies within the Middle District of Florida.

## PARTIES

4.      Plaintiff is a resident of Hillsborough County, Florida.

5.      Defendant is authorized and doing business in the State of Florida.

**GENERAL ALLEGATIONS**

6.      Plaintiff has satisfied all conditions precedent.

7.      Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8.      Plaintiff requests a jury trial for all issues so triable.

9.      At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FCRA and Title VII.

10.     At all times material hereto, Defendant was an "employer" within the meaning of the FCRA and Title VII.

11.     Defendant continues to be an "employer" within the meaning of the FCRA and Title VII.

12.     At all times material hereto, Plaintiff was a protected employee under the FCRA and Title VII.

13.     At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's protected rights.

**FACTS**

14.     Plaintiff was employed by Defendant from on or around September 17, 2012 until her unlawful termination on or around October 4, 2022.

15.     At the time of her termination, Plaintiff held the position of Provider Pay Reconsider Analyst I.

16.     Plaintiff's national origin is Caribbean.

17.      During her tenure, Plaintiff was qualified for her position and excelled in her role.

18.     Defendant treated Plaintiff in a disparate manner than her similarly situated colleagues due to her national origin.

19.     For example, on multiple occasions Plaintiff's manager failed to timely adjust Plaintiff's Unpaid Time Off ("UTO") per her requests.

20.     Plaintiff's similarly situated colleagues never experienced similar untimely delays to their requests.

21.     Plaintiff's manager also frequently ignored Plaintiff's emails.

22.     Furthermore, due to her Caribbean accent, Plaintiff's manager instructed Plaintiff to stop speaking in an "aggressive tone" when addressing him.

23.     Plaintiff complained to her manager that she was not speaking aggressively but he only further reprimanded her for her "aggressive tone."

24.     One of Plaintiff's Caribbean colleagues advised Plaintiff that she had also been reprimanded by the director for speaking "aggressively."

25.     Plaintiff's manager did not reprimand any other of Plaintiff's similarly situated non-Caribbean colleagues about their tone.

26.     Due to the ongoing discrimination, Plaintiff filed a complaint with Defendant's Human Resources ("HR") department.

27.     Defendant failed to take any remedial action in response to Plaintiff's protected complaint.

28.     Following her complaint, Plaintiff's manager increased his scrutiny of Plaintiff's work, nitpicking any minor flaw that other employees committed without issue.

29.     Plaintiff's similarly situated colleagues were not micromanaged and meticulously watched like Plaintiff was.

30.     In or around July 2022, Plaintiff made another complaint about national origin discrimination and retaliation to Defendant's HR Department.

31.     Defendant again failed to take remedial action in response to Plaintiff's complaints.

32.      Shortly thereafter, Defendant terminated Plaintiff's employment.

33.     Plaintiff was clearly subject to materially adverse employment action by Defendant.

34.     Defendant took adverse employment action against Plaintiff for engaging in protected activity under Title VII and the FCRA by terminating her employment.

35.     Defendant's actions were willful and done with a reckless disregard for Plaintiff's rights under Title VII and the FCRA.

36.     Defendant's reason for terminating Plaintiff is pretext.

## <u>COUNT I —TITLE VII VIOLATION</u>
### (DISCRIMINATION)

37.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 36 of this Complaint as though fully set forth herein.

38.     Plaintiff is a member of a protected class under Title VII.

39.     Plaintiff was subjected to disparate treatment.

40.     Defendant knew or should have known of the disparate treatment suffered by Plaintiff and failed to intervene or to take prompt and effective remedial action in response.

41.     Defendant's actions were willful and done with malice.

42.     Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as the Court deems just and equitable.

## COUNT II — TITLE VII RETALIATION

43.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 36 of this Complaint, as though fully set forth herein.

44.     Plaintiff is a member of a protected class under Title VII.

45.     Plaintiff exercised or attempted to exercise her rights under Title VII, thereby engaging in protected activity under Title VII.

46.     Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating her employment.

47.     Defendant has taken material adverse action against Plaintiff.

48.     Defendant's actions were willful and done with malice.

49.     Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under Title VII;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

(f) Front pay;

(g) Any other compensatory damages, including emotional distress, allowable at law;

(h) Punitive damages;

(i) Prejudgment interest on all monetary recovery obtained.

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

### COUNT III – FCRA VIOLATION (DISCRIMINATION)

50.     Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 36 of this Complaint as though fully set forth herein.

51.     Plaintiff is a member of a protected class under the FCRA.

52.     Plaintiff was subjected to disparate treatment.

53.     Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

54.     Plaintiff was injured due to Defendant's willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

(a)     Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

(b)     Enjoin and permanently restrain Defendant from further violations of the FCRA;

(c)     Award back pay to Plaintiff plus interest and all benefits;

(d)     Award liquidated damages to Plaintiff;

(e)     Award reasonable attorney's fees and costs to Plaintiff; and

(f)     Additional relief to which Plaintiff is entitled, including equitable relief.

## COUNT IV – FCRA RETALIATION

55.     Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 36 of this Complaint as though fully set forth herein.

56.     Plaintiff is a member of a protected class under the FCRA.

57.     Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

58.     Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

59.     Plaintiff was injured due to Defendant' willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

(a)     Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

(b)     Enjoin and permanently restrain Defendant from further violations of the

FCRA;

(c)     Award back pay to Plaintiff plus interest and all benefits;

(d)     Award liquidated damages to Plaintiff;

(e)     Award reasonable attorney's fees and costs to Plaintiff; and

(f)     Additional relief to which Plaintiff is entitled, including equitable relief.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

Dated this 24th day of May 2024.

Respectfully submitted,

*/s/ Samuel Doxsee*
**SAMUEL DOXSEE**
Florida Bar Number: 127318
**CHAD A. JUSTICE**
Florida Bar Number: 121559
**JUSTICE LITIGATION ASSOCIATES, PLLC**
1205 N Franklin St., Suite 326
Tampa, Florida 33602
Direct No. 813-566-0550
Facsimile: 813-566-0770
E-mail: sam@justicelitigation.law
E-mail: chad@justicelitigation.law
**Attorneys for Plaintiff**